IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-097 |
| | ) |
| SONNY PERDUE, Governor, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.

The Magistrate Judge recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and that the above-captioned case be dismissed without prejudice.[1] (Doc. no. 3). Plaintiff objects to the portion of the R&R concerning the denial of his motion to proceed IFP, arguing that two of the cases listed in the R&R, Peterson v. Donald, Civil Case No. 306-046 (S.D. Ga. June 9, 2006), *hereinafter* "CV306-049," and Peterson v. Unknown Members of the State Board of Pardons and Parole, Civil Case No. 107-672 (N.D. Ga. Mar. 21, 2007), *hereinafter* "CV107-672," do not qualify as strikes under

---

[1] Specifically, the Magistrate Judge determined that Plaintiff should not be allowed to proceed IFP because he has accumulated three strikes under 28 U.S.C. § 1915(g) and has failed to demonstrate he qualifies for the "imminent danger" exception. (Doc. no. 3, pp. 2-4). Furthermore, the Magistrate Judge concluded that, even if the Court were to allow Plaintiff to proceed IFP, the above-captioned complaint should still be dismissed as a sanction because Plaintiff abused the judicial process by providing dishonest information about his filing history. (Id. at 4-5).

28 U.S.C. § 1915(g). (See doc. no. 6, p. 2). Plaintiff also reasserts that he was subjected to sexual harassment prior to the commencement of this action, and thus, he concludes that the imminent danger exception of § 1915(g) has been satisfied. (See id.). Plaintiff further contends that, since he commenced this action, he was sexually assaulted by other inmates at Augusta State Medical Prison. (See id. at 1).

Plaintiff's objections are without merit. First, it should be noted that Plaintiff does not object to the portion of the R&R concerning abuse of the judicial process, and thus, the above-captioned complaint could be dismissed on that basis alone. (Doc. no. 3, pp. 4-6). Furthermore, the Magistrate Judge correctly determined that, because Plaintiff has three strikes under § 1915(g), he cannot proceed IFP unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception. (Id. at 2-4). Despite Plaintiff's contention, the Magistrate Judge did not note CV306-049 as an example of a strike under § 1915(g), but rather as an example of a case that Plaintiff failed to disclose in the above-captioned case. (Id. at 4 n.2).

Furthermore, despite Plaintiff's contention, CV107-672 was dismissed for failure to state a claim upon which relief may be granted, and thus, it qualifies as a strike under § 1915(g). See CV 107-672, doc. no. 3. As Plaintiff has three strike under § 1915(g) (doc. no. 3, pp. 2-3), he cannot proceed IFP unless he can demonstrate that he qualifies for the "imminent danger" exception. In this regard, nothing in Plaintiff's objections concerning his allegations of sexual harassment changes the analysis set forth in the R&R. (Id. at 3-4). As the Magistrate Judge correctly explained, "In order to come within the imminent danger exception of § 1915(g), a prisoner must be in imminent danger at the time he files the suit

in district court, not at the time of the alleged incident that serves as the basis for the complaint." (Id. at 3 (citing Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999))). Thus, Plaintiff's allegation related to an alleged sexual assault since the commencement of the above-captioned case does not satisfy the requirements of § 1915(g). Simply put, Plaintiff proffers no explanation for his abuse of the judicial process and fails to demonstrate that he was in imminent danger of serious physical harm at the time he commenced this suit.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court.[2] Therefore, Plaintiff's motion to proceed IFP is **DENIED** (doc. no. 2), this action is **DISMISSED** without prejudice, and this civil action is **CLOSED**.[3]

SO ORDERED this 21st day of August, 2008, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2] As the Magistrate Judge explained, "If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee." (Doc. no. 3, p. 6 (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*))).

[3] As this case is closed, Plaintiff's motion for injunctive relief, filed after the R&R was entered, is **MOOT**. (Doc. no. 5).

3